UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY J. MENDENHALL,

      Plaintiff,

v.                                                                                             Case No. 1:10-cv-573

                                                                    Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on March 3, 1959 (AR 131).[1] She graduated from high school and took some college classes towards certification as a mechanic (AR 33). Plaintiff alleged a disability onset date of December 20, 2006 (AR 131). She had previous employment as a cafeteria worker and a cashier (AR 34-35). Plaintiff identified her disabling conditions as a herniated disc, ruptured disc, arthritis, problems with her right leg, problems with her left arm, problems in her neck, migraine headaches, side effects from medication and pain (AR 38-49). On August 11, 2009, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 8-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits


is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 20, 2006 and met the insured status requirements of the Social Security Act through December 31, 2010 (AR 10). At step two, the ALJ found that plaintiff suffered from severe impairments of: degenerative disc disease of the lumbar and cervical spine (status post lumbar surgery); and headaches (AR 10). The ALJ, however, determined that the following impairments were not severe, referring to them as "historic in nature": fibromyalgia; superficial venous insufficiency on the right; attention deficit disorder; degenerative joint disease with Baker's cyst right knee; dyslexia; depression; post-surgical autonomic nervous system dysfunction; pelvic adhesive disease; and hypothydroidism (AR 11). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. (AR 11).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b):

> More specifically, the claimant can lift 20 pounds occasionally and 10 pounds frequently; she can stand/walk about 6 hours; and she can sit at least 6 hours. The claimant needs the option to sit or stand at will. She cannot climb ladders, ropes or scaffolds or work around heights or hazards and cannot kneel, crawl or crouch. She can occasionally stoop and can do minimal climbing of stairs/ramps. She cannot do overhead work with the left non-dominant arm, and can only occasionally reach with the left arm.

(AR 11). The ALJ further found that plaintiff could not perform any of her past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy (AR 20). Specifically, plaintiff could perform the following representative jobs: reception/information clerk (1,500 jobs); gate guard (3,000 jobs); ticket clerk (1,200 jobs); and parking booth attendant (1,500 jobs) (AR 20). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 20, 2006 through the date of the decision (August 11, 2009) (AR 21).

### III. ANALYSIS

Plaintiff raised one issue on appeal.

**Proper weight was not given to the opinion of the treating physician.**

Plaintiff contends that the ALJ failed to give proper weight to the opinions expressed by her treating physician, Douglas J. Wigton, D.O. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors,

particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (because the opinion of a treating source is entitled to controlling weight under certain circumstances, the ALJ must articulate good reasons for not crediting the opinion of a treating source under 20 C.F.R. § 404.1527(d)(2)).

Here, plaintiff contends that the ALJ improperly dismissed a "Lumbar Spine Residual Functional Capacity Questionnaire" dated July 7, 2007 (AR 481-84), because it was completed by Katherine Conklin, C-FNP (Certified Family Nurse Practitioner) and later adopted by Dr. Wigton.[2] In this questionnaire, Ms. Conklin stated that plaintiff suffered from advanced degenerative disc disease and osteoarthritis of the lumbar spine (AR 481). Due to the low back pain, which radiates into the right leg, plaintiff: is limited in driving, bending, going up stairs, and sitting for any length of time (maximum 15 minutes); can walk one block; and needs to move around every 1 to 2 minutes (i.e., standing in one spot causes pressure on her back legs) (AR 481). Plaintiff's objective signs

---

[2] On that same date, Ms. Conklin completed a "Fibromyalgia Residual Functional Capacity Questionnaire" (AR 476-80). While plaintiff mentions the fibromyalgia RFC questionnaire in her brief, she presents only a conclusory statement that the ALJ's decision is in "direct contradiction" with this questionnaire. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this argument waived.

include: reduced range of motion (unable to twist, bend, or perform lateral movements); positive straight leg raising test; tenderness; muscle spasm; and muscle weakness (AR 482). Ms. Conklin later stated that plaintiff could sit only 10 minutes at one time (before needing to get up) and could stand only 5 minutes at one time (AR 482-83). In an 8-hour workday plaintiff: could sit less than 2 hours; could stand/walk less than two hours; and, must have a walking period every 10 minutes, during which she must walk 4 minutes (AR 483).

Due to these conditions, plaintiff requires a job that permits sitting, standing or walking at will, as well as taking a 20-minute unscheduled work break every "15-20" minutes (AR 483). Plaintiff's legs need to be elevated 25% of the time and she can lift weight of less than 10 pounds "rarely" and can "never" lift or carry weight of 10 pounds or greater (AR 483). Plaintiff can "never" climb ladders, and "rarely" twist, stoop, bend, crouch, squat or climb stairs (AR 484). Plaintiff has "significant limitations" in repetitive reaching which limits the use of her right hand, fingers and arm to 50% of an 8-hour workday, and limits the use of her left hand, fingers and arm to 25% of an 8-hour workday (AR 484). Due to her impairments, plaintiff is likely to be absent from work more than four days per month (AR 484). In addition to her spine problems, plaintiff's ability to work is limited by "constant migraines, headaches, diverticulitis" (AR 484). On December 23, 2008, Dr. Wigton authored a letter stating that he reviewed the lumbar spine RFC questionnaire and that he believed the questionnaire accurately reflected plaintiff's current capabilities and limitations (AR 1094).

The ALJ's decision includes an exhaustive 34-paragraph review of the medical evidence supporting the RFC assessment, which covers plaintiff's medical history from 1997

through 2009 (AR 11-19). The ALJ concluded her review of the evidence by determining that Dr. Wigton's opinions were entitled to little weight:

> Although Dr. Wigton is a treating source, his opinions are given little weight for a number of reasons. First, Dr. Wigton's opinions provide little support and little explanation. Dr. Wigton's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were truly as limited as he indicates, and he failed to specifically address this weakness. Second, Dr. Wigton's opinions are not consistent with the objective findings in the record as a whole, which primarily indicate mild abnormalities. Third, Dr. Wigton's opinions appear to rely quite heavily on the subjective complaints and limitations provided by the claimant, rather than objective factors. For example, the treatment notes often refer to the fact that the claimant needed a note for work. Finally, although Dr. Wigton is a treating source, it appears that often the nurse practitioner, Ms. Conklin, examined the claimant and actually formed the opinions. I recognize that Ms. Conklin and Dr. Wigton essentially offer the same opinion; although Ms. Conklin's opinion cannot be used to establish the existence of a medically determinable impairment, which requires evidence from an acceptable medical source, her opinions regarding other issues are considered. Though Ms. Conklin does have regular contact with the claimant, even of Dr. Wigton does not [sic]. Nonetheless, the inconsistencies with the objective medical findings are still problematic. As a result, even though Dr. Wigton is a treating source, his opinions are given little weight due to the lack of support.

(AR 19).

While plaintiff contends that the ALJ erred in evaluating Dr. Wigton's opinions, she does not address this issue in any detail, presenting only conclusory arguments and statements in support of her claim. After reviewing the ALJ's decision and the supporting evidence cited in that decision, the court concludes that the ALJ has articulated good reasons for the weight assigned to Dr. Wigton's opinion.

Plaintiff's brief includes summaries of various medical test results from April 2005 through September 2008. Plaintiff's Brief at pp. 7-8. However, she does not address how the ALJ erred in evaluating this evidence. *Id.* It is not enough for plaintiff to simply set forth selected

evidence for the court's review since this court does not review the evidence *de novo* on a Social Security Appeal. *Brainard*, 889 F.2d at 681.

Plaintiff does raise a claim which is unrelated to the alleged error, namely, that the ALJ "failed to quote the medical source" to support a statement that plaintiff could lift more than 20 pounds occasionally and 10 pounds frequently, and that plaintiff had the ability to stand/walk about 6 hours and sit for at least 6 hours. Plaintiff's Brief at p. 6. Plaintiff's argument appears to challenge some of the limitations set forth in the ALJ's RFC determination (AR 11). The ALJ gave no weight to a physical RFC assessment completed by a non-physician DDS employee in April 2007, because that employee was not an acceptable medical source and the assessment merely stated that plaintiff was still recovering from a fusion (AR 17). Nevertheless, the ALJ considered the RFC questionnaires prepared by Ms. Conklin in July 2009 and determined that plaintiff did not have the extreme limitations as set forth in those questionnaires.

As defendant points out, the lifting restriction is consistent with plaintiff's testimony that she can lift 10 pounds with her right hand and "can probably" lift up to 25 pounds (AR 55). With respect to the postural limitations, plaintiff's argument omits a critical element of the ALJ's RFC determination, i.e., that plaintiff "needs the option to sit or stand at will" (AR 11). The ALJ's finding that plaintiff should be allowed to sit and stand *at will* throughout the workday is consistent with Ms. Conklin's oinion on that issue.

Finally, the ALJ's conclusions that plaintiff could stand/walk about 6 hours and sit for at least 6 hours during a workday are based upon a review of the overall evidence of record (AR 19). In this regard, the ALJ observed that plaintiff has the ability to perform light chores, drives her daughter to or from school several times a week and drove herself to the administrative hearing (AR

9

17). While plaintiff had periodic complaints about her knee, leg and hip, the objective medical evidence did not indicate structural problems with her joints or lower extremities, or serious vein problems such as deep venous thrombosis (AR 15-17). In addition, the ALJ cited the opinion of John M. Cilluffo, M.D. of Neurological Surgery, who examined plaintiff in February 2009 and found that plaintiff's back surgery (L4-5 diskectomy and L4-5 BAK cage fusion) had a good outcome, and that her gait, strength, reflexes and sensation were grossly normal (AR 15, 1099). Based on the overall evidence of record, the court concludes that the ALJ's decision with respect to the lifting and postural limitations is supported by substantial evidence. *See generally, Delgado v. Commissioner of Social Security*, 30 Fed. Appx. 542, 548 (6th Cir. 2002) ("the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record") (citation omitted).

### IV.     Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated: June 22, 2011                    /s/ Hugh W. Brenneman, Jr.
                                        HUGH W. BRENNEMAN, JR.
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).